IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIXAS GAS MART, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 06 C 731 |
| SHELL OIL COMPANY, | ) Wayne R. Andersen |
| Defendant. | ) District Judge |

## MEMORANDUM, OPINION AND ORDER

Plaintiff, Sixas Gas Mart, Inc. ("Sixas"), has sued Defendant, Shell Oil Company ("Shell"), under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §2802 *et. seq.*, alleging that Shell wrongfully terminated the parties' franchise agreement. Before the court is Shell's Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss. For the reasons stated below, Shell's motion is granted.

## BACKGROUND

On April 27, 2004 Plaintiff entered into a franchise agreement with Shell. The franchise agreement began on June 1, 2004 and was set to expire on May 31, 2007. The first page of the franchise agreement includes a notice of an underlying lease which was set to expire on May 31, 2004. This notice states:

> The Premises are subject to an underlying lease(s) that will expire on 5/31/2004; provided, however, the underlying lease may expire earlier upon 90 days notice by Lessor to its landlord(s).

Complaint ¶¶4-5,8; Exh. B.

1

This notice informed Sixas of the existence of an underlying lease to which Shell was a party. That lease provided Shell the right to enter into franchise agreements, like the one Shell entered into with Sixas. Clause twenty of Shell and Sixas' franchise agreement explains the effect of Shells's underlying lease and it specifically informs Sixas that Shell's underlying lease might expire or be terminated before the expiration or termination of the franchise agreement. The clause also states that, should that happen, Shell may lose the right to continue the franchise agreement and it would be forced to terminate the agreement with Sixas. On the other hand, if Shell's underlying lease was renewed, absent a bona fide reason as articulated in 15 U.S.C. § 2802(b)(B)(2), the franchise agreement would survive.

On April 25, 2005 Shell notified Sixas that Shell's underlying lease had been terminated, meaning Shell could no longer sub-lease the property to Sixas and consequently the franchise agreement would end on July 25, 2005. Sixas brought this action pursuant to the PMPA, claiming Shell wrongfully terminated the franchise agreement.

## STANDARD OF REVIEW

Under the federal rule of notice pleading, allegations require a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454 (1998) (citing *Leatherman, v. Tarrant County Narcotics and Intelligence Coordination Unit*, 507 U.S. 163, 168 (1993)). In a Rule 12(b)(6), we take all of plaintiffs assertions as true and do not dismiss a complaint for failure to state a claim,

unless it appears, beyond a doubt, that the plaintiff can prove no set of facts that would support his claim. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005).

## DISCUSSION

Section 2802(b)(1) of the PMPA includes two provisions that must be met for a franchisor to properly terminate the franchisor-franchisee relationship. 15 U.S.C. §2802 (b)(1). First, Section 2802(b)(1) states that the notification requirements found in Section 2804 must be met. This notification of termination must be in writing, delivered by certified mail or in person, and must contain a statement explaining the reasons for and the date of termination. 15 U.S.C. §2804(c). There is no dispute between the parties that the format and timing of the notification of termination was proper. Although, the notification was not delivered by certified mail, the delivery satisfied the notification requirement. Thus, the first provision set forth in Section 2802(b)(1) is satisfied.

Second, in order to properly terminate, the termination must be based on one of the specified events outlined in § 2802(b)(2). Section 2802(b)(2)(C) states that termination can happen upon "the occurrence of an event which is relevant to the franchise relationship and as a result of which termination of the franchise is reasonable." Furthermore, loss of the franchisor's right to continue a franchise agreement after an underlying lease has expired is considered to be one of those qualifying events for termination. 15 U.S.C. 2802(c)(4). Section 2802(c)(4) states in relevant part:

3

an event which is relevant to the franchise relationship and as a result of which termination of the franchise or nonrenewal of the franchise relationship is reasonable" includes events such as– . . .

   (4) loss of the franchisor's right to grant possession of the leased marketing premises through expiration of an underlying lease, if--

(A) the franchisee was notified in writing, prior to the commencement of the term of the
 then existing franchise--
  (I) of the duration of the underlying lease; and
  (ii) of the fact that such underlying lease might expire and not be renewed during the term of such franchise (in the case of termination) or at the end of such term (in the case of nonrenewal).

15 U.S.C. § 2802(c)(4)

Also, the franchise agreement between Shell and Sixas explicitly states that expiration of the underlying lease constitutes reasonable grounds for termination of the franchise agreement.

 Sixas claims Shell did not properly terminate the lease and that it was not aware of an underlying lease that would affect the franchise agreement. However, as discussed, pursuant to the statute, the expiration of an underlying lease is an acceptable triggering event to allow Shell to terminate their franchise agreement. Also, the franchise agreement between Sixas and Shell expressly stated that there was an underlying lease and that Shell's right to sub-lease the property to Sixas was dependent upon the continuation of this underlying lease. It is evident that Sixas was notified of the underlying lease and should have been aware that it's franchise agreement was directly dependent upon the existence of the underlying lease. While the court sympathizes with Plaintiff's position, we believe Shell properly terminated the

4

franchise agreement. Thus, the second prong of the test is satisfied. 15 U.S.C. §2802(c)(4)(A).

## CONCLUSION

Shell has satisfied both the notice requirement and triggering event prong and, therefore, Sixas has not sufficiently alleged any facts to show a violation of the PMPA. For the foregoing reasons, Shell Oil Company's motion to dismiss [11] is granted.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: January 18, 2007